Judge Robertson
delivered the opinion of the Court.
This is a suit in chancery,- prosecuted by Thomas Bodley, against Edwin Hoard and Cog-hill’s heirs, for land.
Bodley claiths tinder an entry in the narhesof John Tibbs and others, for 20.000 acres of land, made on the 31st day of July, 1783, 16,000 of which were included in one survey, and granted to Bodley, in consequence of assignments by the owners of the entry, and the remaining 4,000 acres were granted to Bodley, and to Hughes and Bodley, in consequence of similar assignments, 1,000 acres being granted to Bodley, and 3,000 acres to Hughes and Bodley.
Coghill’s heirs clainrvunder an entry for 1,500 acres, in the name of their father, made on the 26th day of May, 1780, and which was carried into grant long prior to the date of Bodley’s patents.
Hoárd. claims by a purchase of Coghill’s right, ata sale by the register, for taxes.
The patent of Coghill interferes with both the 16,000 and the 1,000 acres of Bodley. Bodley’s tw'rt claims cover the whole of Coghills’.
Bodley’s entry having been established by the supreme court of the United States, as well as by this court, it is not necessary now, to scrutinize it.
In the case Of Morrison vs. Coghill’s heirs, IV. Bibb, 379, this court established the entry of Coghill and prescribed the proper mode of Surveying it. The original survey is not Conformable.to the rulé in that opinion. The entry, when surveyed, according to the directions of this court,in that case, will not include all, but the greater portion of the land embraced by Coghill’s patent;
The testimony in this case, is, in substance, what it was in the case of Morrison vs. Coghill, MarriJCtt held the equity then under Bodley.-,
*10 Bodley insists that this court was deluded, by a false representation of facts, into a mistake in laying down Coghill, and relies on an intimation of some doubt, in the subsequent case of Morrison vs. Coghill, in IV. Bibb, 384.
The circuit court decreed- that the appellees were entitled to all the land common to their patent, and to the entry of Coghill, when surveyed according to the instructions given in IV. Bibb, 379, and decreed a conveyance by them to Bodley, by deed of special warranty, for all the land embraced by CoghilPs patent, and excluded by his entry, when legally surveyed. From this decree Bodley appealed.
It is not necessary to inquire whether there was such a privity between Bodley and Monison, as to render the decision in IV. Bibb, conclusive on both; nor to investigate the vexing question, whether Bod-ley’s survey be void, as repugnant to the compact with Virginia, because it was not made until 1796» An examination of the plats and depositions in the case, has inclined us to the opinion, that the case in IV. Bibb, 379, gave the true exposition to the entries, and that, therefore, as the circuit court has decreed conformably to the opinion in that case, its decree cannot be reversed. If our own opinion had not concurred with that in IV. Bibb, 379, we should have hesitated before we could have dissented from it.
■ We cannot believe that the opinion in IV. Bibb, 379, would have been modified by that in lb. 384, if the court had been permitted, as we are in this case, to decide according to its convictions, uninfluenced by its first opinion. And besides, if the entry of J. Hoard, which that of Coghill calls to adjoin, be improperly laid down in IV. Bibb, no correction of its position could be made, consistently with its calls, the natural objects, and the principles of law, which' would curtail the claim of the appellees, as established by the circuit court, or would operate to the advantage of the appellant. We deem it unprofitable to enter into a minute and argumentative examination of all the facts. We are not disposed to overrule the decision, on the same entries,- heretofore deliberately given by our predecessors»
*11 Wherefore, the decree of the circuit court is aftirmed.